UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PROVANA, LLC,<br><br>    Petitioner,<br><br>v.<br><br>GOLDEN SPIRAL, LLC,<br><br>    Respondent. | Case No. 3:23-mc-00005<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

    This miscellaneous matter arises out of a business dispute, *Palinode, LLC, v. Plaza Services, LLC, and Provana, LLC*, originally filed in this Court and transferred to the District of Delaware. Defendant-Petitioner Provana, LLC, issued a subpoena to third-party Respondent Golden Spiral, LLC, to produce documents in Nashville, Tennessee. (Doc. No. 1-6.) After communication among counsel, Golden Spiral objected to the subpoena (Doc. No. 1-10) and did not produce the requested materials. Provana now moves to enforce the subpoena (Doc. No. 1.) Golden Spiral has responded in opposition (Doc. No. 5), and Provana has filed a reply (Doc. No. 7). For the reasons that follow, Provana's motion will be denied.

**I.    Relevant Background**

    Provana obtained a subpoena from the U.S. District Court for the District of Delaware on November 18, 2022, commanding Golden Spiral to produce certain documents in Nashville, Tennessee, on December 2, 2022, at 10:00 a.m. (Doc. No. 1-6.) On November 21, 2022, a process server delivered the subpoena to a person identified as "Heidi, Front Desk, authorized to accept" at the Terrazzo building in Nashville. (Doc. No. 1-7.) Golden Spiral President Peter Smith describes the Terrazzo as "a large, mixed-use development containing multiple businesses and

numerous apartments. The first floor lobby of the Terrazzo contains a general reception area that has a regularly staffed receptionist to assist visitors with finding their intended location within the Terrazzo." (Doc. No. 5-2.) Golden Spiral's offices were located in Suite 200 of the Terrazzo, "a large shared office space" used by "[a]pproximately ten . . . other businesses." (*Id.*)

Smith states that, "[o]n or about November 30, 2022, a colleague asked [him] if [he] had seen the envelope addressed to [him] in Golden Spiral's dedicated office room located within the shared office suite." (*Id.*) Smith replied that he had not seen the envelope, and the colleague retrieved it for him. (*Id.*) The envelope contained the subject subpoena. (*Id.*) Smith sent an email to Provana's counsel on December 1, 2022, stating:

> Hello,
>
> I received a subpoena yesterday related to a suit between Palinode, LLC vs. Plaza Services, LLC and Provana, LLC (we work in a share office space and this was not delivered to me directly). It says we are supposed to have 14 days to respond but also says to respond by tomorrow morning. This is to object to the short time and to request until December 15th to respond.
>
> Thank you,
> Peter Smith
> President

(Doc. No. 1-9.)

Two attorneys representing Provana responded to Smith's email on the same day. The first stated that Provana was "going to need what you have sooner than the 15th, but [would] work with [Smith] to set a date that is as painless as possible." (*Id.*) The second asked to speak with Smith and conveyed that Provana "[could] certainly accommodate a limited extension, but there are depositions scheduled in the case that make a prompt response necessary." (*Id.*) Smith then retained counsel to represent Golden Spiral, and counsel issued an objection to the subpoena on December 2, 2022. (Doc. No. 1-10.) Golden Spiral objected that the subpoena was not served in

compliance with Federal Rule of Civil Procedure 45 and, having been received by Smith less than forty-eight hours before the stated compliance deadline, did not allow the reasonable time for Golden Spiral to comply that Rule 45 requires. (*Id.*)

"Between December 5 and December 13, 2022, counsel for Golden Spiral and Provana engaged in several e-mails and phone calls in an effort to resolve these objections." (Doc. No. 5.) In what appears to be the last of these volleys—and in response to a statement from Provana's counsel that it would "file a motion" addressing these issues—Golden Spiral's counsel stated that Provana had offered nothing to contradict Smith's statement that he did not receive the subpoena until November 30 or to show that the subpoena was properly served under Rule 45 and that Golden Spiral "stands by its Objection . . . ." (Doc. No. 1-8.) There were no further communications between Golden Spiral and Provana on this topic until Provana filed its motion to enforce the subpoena on March 6, 2023. (Doc. No. 1.) Fact discovery closed in the underlying action on December 19, 2022. (Doc. No. 5-1.)

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that parties may generally "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Discovery may be obtained from non-parties, including through the use of a subpoena to produce documents under Rule 45. Specifically, Rule 45(a) provides that a clerk of court or an attorney authorized to practice in that court may issue and sign a subpoena directed to a person who is not a party to a lawsuit commanding the person to produce documents, electronically stored information, or tangible things in the person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)–(3).

Rule 45(d)(2)(B) provides that "[a] person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection to . . . copying . . . any or all of the materials" and that such objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "If an objection is made," the party serving the subpoena may, "[a]t any time, on notice to the commanded person, . . . move the court for the district where compliance is required for an order compelling production . . . ." Fed. R. Civ. P. 45(d)(2)(B)(i). "[T]he order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). Rule 37(a)(1) also provides that "a party may move for an order compelling . . . discovery," including an order compelling discovery from a nonparty. Fed. R. Civ. P. 37(a)(1); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to [compel discovery from] a nonparty must be made in the court where the discovery is or will be taken."); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006) (holding that "the Federal Rules provide that a motion to compel discovery or disclosure by a nonparty must be made to the court in the district where the discovery is being taken"). Finally, Rule 45(g) provides that "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

**III.      Analysis**

Golden Spiral does not object to Provana's subpoena on the basis of the documents it requests. Rather, Golden Spiral's principal argument in objection to the subpoena and in opposition to Provana's motion to enforce the subpoena is that Provana did not properly serve the subpoena as required by Rule 45(b)(1). (Doc. No. 5.) Provana asserts that Golden Spiral's service-based objections are without merit. (Doc. No. 1.)

Rule 45(b)(1) provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena" and that "[s]erving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 (3d ed. updated Apr. 2021). However, "[i]n recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service." *Id.* The Sixth Circuit has not weighed in, and this Court has observed that "there does appear to be a split of authority, with some courts requiring personal service of a Rule 45 subpoena to a non-party and other courts finding that personal service is not required." *Gist v. Pilot Travel Ctrs., LLC*, No. 3:10-mc-0095, 2011 WL 4055788, at *2 n.1 (M.D. Tenn. Sept. 12, 2011) (collecting cases).

Here, the undisputed facts are that, on November 21, 2022, a process server employed by Provana delivered the subpoena to a person identified as "Heidi" at the reception desk of the building in which Golden Spiral occupied shared office space. (Doc. No. 1-7.) The process server noted that Heidi was "authorized to accept" service. (*Id.*) Smith states by declaration that Golden Spiral did not employ Heidi, that he did not know Heidi, and that neither Golden Spiral nor any of the other businesses that shared its office space employed a receptionist at the office suite's front desk (Doc. No. 5-2). Smith states—and Provana does not dispute—that he received the subpoena on November 30, 2022, when a colleague asked if he had seen an envelope addressed to him "in Golden Spiral's dedicated office room located within the shared office suite" and, after Smith replied that he had not seen the envelope, "retrieved the envelope and brought it to" him. (*Id.*)

Provana does not argue that Heidi was authorized to accept service on Golden Spiral's behalf. Rather, it argues that, "[p]resuming that the person that gave the subpoena to Mr. Smith

was over 18 years old, then Golden Spiral was properly served with the subpoena based on the plain text of the rule." (Doc. No. 1.) This argument is unsupported by authority and contrary to the generally understood "literal" application of the term "delivering" in construing Rule 45(b)(1).[1] 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 (3d ed. updated Apr. 2021). First, Provana delivered the subpoena to Heidi at the reception desk, not to Smith's unnamed colleague. Second, by Provana's reasoning, a party could throw a subpoena into the wind and, so long as a good Samaritan over the age of 18 discovered it and completed delivery to the intended recipient, claim proper service. Even the recent more-lenient construction of service under Rule 45 does not account for such an attenuated chain of events.

Still, this Court previously "'overlook[ed] any technical difficulties'" in the service of a third-party subpoena by mail when the record showed that the third party actually received the subpoena, had communicated with serving counsel about the request for documents, and "[t]here [was] also no indication that [the third party] had been prejudiced by the method of service."[2] *McPherson v. Vignobles Sullivan, LLC*, No. 3:20-CV-00384, 2022 WL 815061, at *3 (M.D. Tenn. Mar. 16, 2022) (quoting *Gist*, 2011 WL 4055788, at *2 n.1). While the first two circumstances are present here, the third—absence of prejudice—is not. Because Golden Spiral did not receive the subpoena until November 30, 2022, it could not reasonably comply with it by December 2, 2022,

---

[1] Provana cites *Direct Mail Specialists, Inc., v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685 (9th Cir. 1988), to support its argument that it properly served Golden Spiral. (Doc. No. 1.) That case addressed service of a corporation under Federal Rule of Civil Procedure 4 and found that "service can be made 'upon a representative so integrated with the organization that he will know what to do with the papers'" and is sufficient "'when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.'" *Id.* at 688. Provana does not argue that Heidi was "so integrated" with Golden Spiral as to meet this standard.

[2] The third party did not challenge the adequacy of service in *McPherson*.

as the subpoena required on its face. *See, e.g.*, *Libertarian Party of Ohio v. Husted*, No. 2:13-CV-953, 2014 WL 6910219, at *2 (S.D. Ohio Dec. 8, 2014) (finding seven-day response period "presumptively unreasonable"); *Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, No. 1:07-CV-956, 2009 WL 724001, at *1 (W.D. Mich. Mar. 10, 2009) ("Two business days, more or less, even with the intervening weekend, is not an adequate period of time to comply with a subpoena.") (collecting cases). The prejudice to Golden Spiral resulting from the delay in delivery of the subpoena, considered with the indirect means by which the subpoena was ultimately received, renders service invalid under Rule 45(b)(1).

That prejudice could easily have been corrected by allowing Smith additional time to respond when he requested it. And Provana did tell Smith it would allow him a "limited extension." The record does not show when the opportunity to reach that ready solution was lost—Provana argues that "it was clear when Golden Spiral retained the same law firm as Palinode that [Golden Spiral] was not interested in cooperating or reaching an amicable resolution." (Doc. No. 7.) The record does show that counsel's dispute over whether service was proper extended from December 2 to December 13—two days short of the extension Smith initially requested—without resolution. The issue then lay dormant until Provana filed the present motion more than three months later. In the interim, the deadline to complete fact discovery expired.

Because the Court finds that the subpoena at issue was not properly served based on the arguments Provana advances in its motion, the remedy is for Provana to reissue the subpoena and deliver it to Golden Spiral as Rule 45(b)(1) requires. However, because the fact discovery period closed before Provana filed its motion, it appears that remedy would require an extension of the fact discovery deadline or other modification of the case management calendar. The decision to

7

Case 3:23-mc-00005   Document 8   Filed 06/09/23   Page 7 of 8 PageID #: 315

grant that relief must be made in the context of the ongoing underlying litigation and is better made by the court managing that docket.

## IV. Conclusion

For these reasons, Provana's motion to enforce its subpoena (Doc. No. 1) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge